IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALOMALIETOA SUA, #A0247514, | ) | CIV. NO. 09-00592 SOM/LEK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING FILING OF |
| | ) | PROPOSED AMENDED COMPLAINT |
| vs. | ) | |
| | ) | |
| NOLAN ESPINDA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER DENYING FILING OF PROPOSED AMENDED COMPLAINT

On January 6, 2010, this court granted Plaintiff's *in forma pauperis* application, found that Plaintiff's prisoner civil rights complaint stated a claim against Defendant Nolan Espinda, and directed service of the Complaint on Espinda. (Doc. #6.)  On January 7, 2009, presumably before Plaintiff was aware of the court's action, Plaintiff submitted a proposed "First Amended Complaint," although he did not submit a simultaneous motion to amend the complaint. (Doc. #9.)  For the following reasons, insofar as Plaintiff is moving for leave to amend the original Complaint, the court DENIES the Motion, and instructs the Clerk not to docket the proposed amended complaint as superceding the original Complaint.

## I.  BACKGROUND

In the original Complaint, Plaintiff alleged that Halawa Correctional Facility (HCF) Warden Nolan Espinda authorized Plaintiff's placement in the HCF Special Holding Unit

1

(SHU), without any wrongdoing on Plaintiff's part, or sufficient explanation as to why Plaintiff was being punished, violating his rights to due process of law and freedom from cruel and unusual punishment.

In the proposed first amended complaint (FAC), Plaintiff adds Mary Tuminello, an HCF nurse supervisor, as a defendant with Espinda. Plaintiff also adds two new claims: (1) that unnamed HCF "3d Watch" prison guards tampered with his mail on January 5, 2010, in retaliation for Plaintiff's reporting alleged infractions concerning another prison guard, Kaipo Sarkissian, and HCF "Nurse Steve;" and (2) that Tumminello is Nurse Steve's supervisor, and Nurse Steve is tampering with Plaintiff's medication. Plaintiff alleges this is a violation of the "1999 Act of Retaliation." The FAC fails to include any claims against Espinda, and does not name the prison guards, Sarkissian, or Nurse Steve as defendants.

## II. <u>LEGAL STANDARD</u>

Rule 15 provides that a party may amend its pleadings once as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1). Leave to amend is to be "freely given when justice so requires," *Forman v. Davis*, 371 U.S. 178, 812 (1962), however, in the context of a prisoner's suit in federal court, proposed amendments to the complaint must also be viewed in light of the restrictions imposed by 28 U.S.C.

§ 1915 as amended by the Prison Litigation Reform Act (PLRA)in 1996.  In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." *Harris v. Garner*, 216 F.3d 970, 982 (11th Cir. 2000).  Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." *Id.* at 983; *see also Cox v. Mayer*, 332 F.3d 422, 428 (6th Cir. 2003) (citing *Harris* for this proposition with favor).

When considering a prisoner's proposed amended complaint, the court must also consider the restrictions on prisoner suits imposed by the PLRA, including: full payment of the filing fee through partial payments as authorized by statute, *see* § 1915(b)(1-2); review and summary disposition of any claim or action that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks relief against persons immune from such relief, *see* § 1915(e)(2)(B)(ii-iii); administrative exhaustion of all claims, see 42 U .S.C. § 1997e(a); and a "three strike" provision which prevents a prisoner from proceeding *in forma pauperis* if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious, or as stating no claim for relief.

### III.  **DISCUSSION**

Despite the liberality that normally controls amendments to a complaint, there are numerous reasons counseling against allowing Plaintiff's proposed FAC to be filed and supercede his original Complaint.  Although a party generally may amend his complaint once, as a matter of course, before being served with a responsive pleading, "the Court is not required to allow amendments that assert . . . claims that could not withstand a motion to dismiss." *See Griffith v. Whitesell*, 2008 WL 3852415 at *5 (M.D. Tenn. 2008).

First, the proposed FAC adds new claims that allegedly occurred on January 5, 2010, the same day that Plaintiff signed the FAC.  *See* FAC at 5.  If these new allegations occurred on the date that Plaintiff signed the FAC and three weeks *after* the original Complaint was filed, it is, at best, dubious that Plaintiff fully grieved these claims before he mailed the FAC, and more importantly, clearly impossible for Plaintiff to have grieved these new claims *before* he commenced this action, as required by the PLRA.  *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (holding that exhaustion must occur prior to filing suit).  These new claims would thus be subject to a motion to dismiss, and allowing their amendment to this suit would be futile.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th

4

Cir. 1995) (recognizing that "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend.").

Second, the FAC alleges new claims of retaliation against a new defendant, Mary Tuminello, that have no relation whatsoever to the claims alleged in the original Complaint: that HCF Warden Espinda violated Plaintiff's rights to due process and freedom from cruel and unusual punishment by ordering that Plaintiff be housed in the SHU for the past six months.

Under Rule 18, which governs joinder of claims, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. *See* Fed. R. Civ. P. 18(a).  To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, which governs joinder of parties. Permissive joinder of multiple defendants in a single lawsuit is allowed only if: (1) a right to relief is asserted against each defendant that relates to or arises out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties arises in the action.  *See* Fed. R. Civ. P. 20(a)(2).  Unrelated claims involving different defendants belong in different suits.  *See Aul v. Allstate Life Ins. Co.*, 993 F.2d 881, 884 (9th Cir. 1993) ("A claim based on different rights and established by different transactional facts will be a different cause of action."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (same); *Zhu v.*

*Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues.").

Although pro se litigants are held to less stringent standards than represented parties, *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), they must still comply with the procedural or substantive rules of the court. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Requiring pro se prisoners to adhere to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]," avoids confusion, ensures that prisoners pay the required filing fees, and prevents prisoners from circumventing the PLRA's three strikes rule. *George*, 507 F.3d at 607; *see also Patton v. Jefferson Corr'l Ctr*, 136 F.3d 458, 464 (5th Cir. 1998)(discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision).

When there is a misjoinder of parties, the court may on its own initiative at any stage of the litigation drop any party. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). Allowing Plaintiff to

join these new and unrelated claims against new and unrelated
defendants would be futile, as the court would thereafter dismiss
them from this action.

Third, because the proposed FAC fails to reallege
Plaintiff's original claims against Espinda, those claims would
be effectively dismissed if this amendment were allowed. *See*
*Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("a
plaintiff waives all claims alleged in a dismissed complaint
which are not realleged in an amended complaint" because the
dismissed complaint becomes a nullity upon the filing of an
amended complaint); *see also* LR10.3.[1]  Allowing this amendment
would result in a wholly new action based on completely new
claims unrelated in any manner to the claims originally pled.

Fourth, although the FAC names Espinda as a defendant,
it fails to provide any facts showing Espinda's connection to
Plaintiff's new claims.  To state a civil rights claim against an
individual defendant, a plaintiff must allege facts showing a
defendant's "personal involvement" in the alleged constitutional
deprivation or a "causal connection" between a defendant's

---

[1]Local Rule LR10.3 states:

    Any party filing or moving to file an amended
    complaint, counter-claim, third-party complaint, or
    answer or reply thereto shall reproduce the entire
    pleading as amended and may not incorporate any part
    of a prior pleading by reference, except with leave of
    court.

wrongful conduct and the alleged constitutional deprivation.
*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).
Insofar as Plaintiff names Espinda by virtue of his position as
HCF Warden, that is insufficient to state a claim against him.
*See Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987)
(holding that an individual's "general responsibility for
supervising the operations of a prison is insufficient to
establish personal involvement."). Because Plaintiff fails to
show any link or connection between Espinda and the alleged
violations he claims, he fails to state a claim against Espinda
under § 1983. *See Monell v. Dep't. of Soc. Svc.*, 436 U.S. 658
(1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

Similarly, although the FAC names Tuminello, it details
no facts connecting her to his claims that his mail and
medication has been tampered with, other than, presumably, her
supervisory status over "Nurse Steve." There is no *respondeat
superior* liability under § 1983. *Polk v. County of Dodson*, 454
U.S. 312, 325 (1981); *Gibson v. County of Washoe, Nev.*, 290 F.3d
1175, 1185 (9th Cir. 2002). "A supervisor is only liable for the
constitutional violations of . . . subordinates if the supervisor
participated in or directed the violations, or knew of the
violations and failed to act to prevent them." *Taylor v. List*,
880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A
supervisor may also be liable if she implemented "a policy so

deficient that the policy itself is a repudiation of
constitutional rights and is the moving force of the
constitutional violation." *Redman v. County of San Diego*, 942
F.2d 1435, 1446 (9th Cir. 1991)(*en banc*).  There is nothing in
the FAC showing that Tuminello participated in, directed, knew
of, or promulgated a policy resulting in the violation of
Plaintiff's rights.  As such, Tuminello would be dismissed if
this amendment were allowed, for Plaintiff's failure to state a
claim against her.

     The court will not permit Plaintiff to expand the scope
of this litigation by adding unexhausted, unrelated claims that
occurred after Plaintiff filed the original Complaint, naming a
new, unrelated defendant against whom Plaintiff fails to state a
claim.  To permit Plaintiff to do so would allow him to avoid
paying the filing fees required for separate actions, and could
also allow him to circumvent the three strikes provision for any
new and unrelated claims that might be found to be a "strike"
under § 1915(g).

     This is not to say that Plaintiff fails to state a
claim against the unnamed prison guards or against "Nurse
Steve."[2]  The court makes no determination on this issue, except

---

[2]Even if claims against these individuals were exhausted,
and allowed under Rules 18 and 21, which they are not, Plaintiff
did not name them as defendants in the FAC's caption (or
elsewhere), as required under Rule 10. *See* Fed. R. Civ. P. 10(a).

to hold that Plaintiff's new claims are unrelated to Plaintiff's
original Complaint, and may not be alleged in this suit.  If
Plaintiff wishes to pursue these claims, he may do so in a
separate action or actions, after he has fully exhausted his
administrative remedies, and has either paid the filing fee or
been granted *in forma pauperis* status.  Plaintiff may not,
however, litigate his unrelated claims against these defendants
in this suit.  Any new action must be submitted on a form
complaint, must identify each defendant in the caption, and must
detail each defendant's personal participation in the alleged
misconduct.  Additionally, any new complaint will be subject to
judicial screening under 28 U.S.C. § 1915A, and will constitute a
"strike" under 28 U.S.C. § 1915(g) if it is dismissed as
frivolous or malicious, or as failing to state a claim for
relief.

### III.  CONCLUSION

Insofar as Plaintiff's proposed First Amended Complaint
is a motion to amend, it is DENIED.  The Clerk is DIRECTED to
note in the docket that the proposed First Amended Complaint does
not supercede the original Complaint.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, January 19, 2010.



       /S/ Leslie E. Kobayashi

Leslie E. Kobayashi
United States Magistrate Judge

*Sua v. Espinda*, Civ. No. 09-00592 SOM; Order Denying Filing of Proposed Amended Complaint; pro se attys/non-dsp ords/dmp/2010/Sua 09-592 LEK (dny amd C)

11